EDWARD B. HOOK, plaintiff in error, vs. JAMES C. BROOKS, defendant in error.

[1.] Motions to amend a bill and to dissolve an injunction are much in the discretion of the Court, and unless that discretion is used against the law and justice of the case, this Court will not interfere with its exercise.

[2.] It is not error for the Court to allow an amendment to be made to a bill adding persons as parties defendant, who are *proper* parties, although they may not be *necessary* parties,

[3.] If from the bill and answer, there is a *prima facie* equity in favor of the complainant, it is not error in the Court to postpone an argument to dissolve an injunction, after additional parties are added, until the answers of the new parties are in, and more especially, if from the circumstances disclosed in the bill and answer, it is a proper case for a hearing before a special jury.

In Equity, from Dougherty County, decided by Judge ALLEN, December Term, 1857.

This was an application on the part of E. B. Hook to dissolve an injunction which had been granted, restraining further proceedings in an action of ejectment upon the answers being filed disposing of all the equity in the bill. There was also a motion to dismiss the bill for want of equity. The complainant's counsel showed for cause against the dissolution of the injunction that he had a substantial amendment to make to the said bill, which he then and there proposed to make.

Defendant's counsel objected to such amendment's being made, and urged that the application for the dissolution of

the injunction should be proceeded with. This objection the Court overruled and allowed the amendment, and the Court 'refused to entertain the motion to dissolve the injunction until the answers to the bill, as amended, were filed.

To these rulings of the Court, in allowing such amendment and in refusing to entertain the motion for a dissolution of the injunction until the answers to the amended bill had been filed, the defendant's counsel filed his bill of exceptions assigning the same as error.

VASON & DAVIS; WARREN & WARREN, for plaintiff in error.

LYON, contra.

By the Court.—McDONALD, J. delivering the opinion.

[1.] This cause comes up on the allowance, by the Court, of an amendment to the complainant's bill; and the refusal of the Court, after the amendment, to entertain a motion to dissolve the injunction which had been granted against the prosecution of an action of ejectment. These motions were pretty much within the discretion of the presiding judge in the Court below, and unless that discretion was used contrary to the law and justice of the case this Court ought not to interfere with it.

The action of ejectment was instituted for the recovery of a tract of land known as number three hundred and fifty, in the first district of, formerly Baker, now Dougherty county. There are two demises alleged in the declaration, one from Samuel Disheroon and the other from Edward B. Hook. The complainant in the bill is defendant in the action of ejectment. He claims to be a *bona fide* purchaser of the land, and deduces his title, according to his bill, from the drawer. The allegations in the bill are, substantially, that Samuel Disheroon of Habersham county, drew the tract of land in dispute and a grant was issued to him about the sixth

of Nov., 1821; that shortly thereafter he sold said land to John Jenkins, then of Habersham county; that the deed conveying the land to Jenkins is lost or destroyed, and that he is unable to establish its contents in a Court of law; that said conveyance was made prior to the year 1828; that Jenkins appointed Robert Lankford of Habersham county, his attorney in fact, to sell and convey the land, which he did to one J. P. Smith in April, 1829, but conveyed the said land in his own name without reference to his agency; that on the 24th Oct., 1829, Smith conveyed to W. C. Wiley, and endorsed the deed of conveyance which he held, to him, and transferred his title in that way in the presence of Benajah Williams and one McKinney Scott; that Wiley sold and conveyed the land, by the endorsement of the deed, to one Kenith Gillis, then of Cass county, but who subsequently removed to Virginia and died insolvent and without representatives; Smith and Wiley each conveyed the land by the endorsement and delivery of the deed executed to Lankford to J. P. Smith; that the said K. Gillis on the 8th Nov., 1837, sold and conveyed the said tract of land to one Milton Clayton; that on the 11th April, 1840, Clayton sold and conveyed to Alexander Shotwell, and his brother, Samuel Clayton, joined him in warranting the title; that Shotwell, on the 4th of March, 1850, sold and conveyed to Henry Hora and Lewis S. McGuire, and Joseph S. Smith joined him in the warranty of title; that Lewis S. McGuire sold his interest to Henry Hora, who on the 11th of April, 1851, sold and conveyed said land to complainant.

It is further alleged in the bill that the complainant entered into the possession of the land immediately after his purchase and has occupied it ever since. It was unoccupied when he bought it. It is further alleged that the defendant, E. B. Hook, confederating with Philip Martin, on the 8th day of Sept., 1853, while the complainant was in possession of the land, procured from the said Samuel Disheroon, the

drawer, a quit claim deed for the consideration of twenty dollars; that said Disheroon told said Martin that he had sold and conveyed the said land to the said Jenkins; and that at the time of the said purchase by the said Hook, he knew of the purchase and possession of the land by the complainant. The bill prays a perpetual injunction of the action of ejectment and for further relief.

The defendant, Hook, answered the bill, and in his answer he denies any knowledge of the purchase of said land by Jenkins, and alleges that he does not believe it true, and assigns his reasons for his belief. He knows nothing of the mesne conveyances and endorsements of deeds from Jenkins down to complainant, and insists that complainant be held to the proof thereof, and of the consideration paid. He admits that, at the time he purchased the land, he had heard that Brooks, the complainant, or some one else, claimed the land, but as well as he then remembered, he believed the land was vacant.

The complainant proposed to amend his bill by making John Jenkins, William C. Wiley and John P. Smith, parties thereto, and by adding to the prayer, that the parties defendants may be compelled to execute legal conveyances to said land so as to perfect the legal title in the complainant, or that the assignments and transfers of title as set forth in the bill of complaint, may be decreed to be a legal title as against the defendants to the bill.

[2.] The allowance of this amendment by the Court is the first error assigned. The complainant might have made the amendment, as a matter of right, under the liberal act of the Legislature, respecting amendments. The persons made parties, if not *necessary* parties, are certainly *proper* parties, and the presiding Judge committed no error in permitting the amendment, for that purpose. Perhaps, all the relief necessary to the protection of the complainant might have been had under the general prayer, but an amendment making the prayer more special is certainly

permissible, and no error can be imputed to the Court for suffering it to be made.

[3.] But it is objected that the Court below ought to have entertained the motion to dissolve the injunction. The answer was before the Court, and with the admission of the defendant, Hook, that at the time of his purchase of the land, he heard that the complainant or some one else, was claiming it, the presiding Judge might well have deferred an argument on the motion to dissolve the injunction, until all the parties were brought before the Court.

The defendant does not deny that the complainant was occupying the land at the time of his purchase. He says *he believed* it was vacant *as well as he then remembered*, and goes into an argument to satisfy himself in regard to his memory.

We think that the Court committed no error, and that the circumstances of this case as disclosed in the bill and answer are such as to demand a hearing before a special jury.

Judgment affirmed.